BERTSCH v. UNTERBERG.

(Supreme Court, Appellate Term.  June 23, 1904.)

1. LANDLORD AND TENANT—OVERFLOW OF TANK—NEGLIGENCE—EVIDENCE.

In an action for damages from alleged negligence of defendant in permitting a water tank on his premises to overflow, injuring plaintiff's goods, evidence that defendant had no control over the supply of water to the tank, and that it was furnished with an overflow pipe of usual size which had proved adequate for a number of years, and with no evidence that there was any appliance which would have been effective under the conditions, showed no negligence on defendant's part.

Appeal from City Court of New York, Trial Term.

Action by Alfred Bertsch against Israel Unterberg. From a judgment for plaintiff and from an order denying new trial, defendant appeals. Reversed.

This action was brought to recover damages alleged to have been sustained by reason of the negligence of the defendant, which caused an overflow of water from a tank in the premises of the defendant and under his control, and damaged the goods of the plaintiff's firm. The claim was assigned to the plaintiff.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Alexander Rosenthal, for appellant.
Theodore Sattler, for respondent.

SCOTT, J.  It is not made clear wherein the defendant was negligent. It is claimed on the part of the plaintiff that the defendant should have attached some sort of an automatic cut-off to the pipe which supplied water to the tank, but, although both sides called experts, none of them suggested that it would have been practicable to do so. The counsel for plaintiff seemed to have in mind the application to the tank of what is known as a "ball and cock attachment," but every expert testified that such an attachment would be impracticable in a case like the present when the tank was supplied by a pump. One witness said, and his testimony on that point appears reasonable, that such an attachment would have caused the bursting of the pipe. The defendant had no control over the supply of the

water to the tank. The evidence showed that the tank was furnished with an overflow pipe of the usual size, and that it had proved adequate for a number of years, and no evidence was adduced to show that there was any appliance known to the plumber's art which would have been effective under the conditions. There having been no negligence shown on defendant's part, the complaint should have been dismissed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.